UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.  2:11-cr-97-FtM-99SPC

JUDE SEREME

_____

**OPINION AND ORDER**

This matter came before the Court on April 1, 2013, for sentencing. The Court heard arguments on defendant's objections to the Presentence Report, and took the matters under advisement. The Court now resolves some of the objections as set forth below.

**A. General Matters**

Defendant generally objected to the facts in the Presentence Report based upon his contention that the jury verdicts were simply wrong. The Court finds the verdicts are supported by ample evidence, and defendant's objection on this basis is overruled. Further, the facts set forth in the Presentence Report to which objections are overruled are facts which the Court finds to be supported by credible evidence.

Defendant also objects to specific factual paragraphs, and these objections are resolved as follows:

**Paragraph 20:** Without opposition from the government, the Court will sustain the objection to the phrase "recruited and" in the second sentence, and the word "recruited" in the last sentence of this paragraph, and direct that those words be stricken. The

objection is otherwise overruled because the remaining statements in this paragraph are supported by credible evidence presented at trial.

**Paragraph 31:** Without opposition from the government, the Court will sustain the objection to this paragraph, and direct that it be stricken.

**Paragraph 34:** Without opposition from the government, the Court will sustain the objection to this paragraph, and direct that it be stricken.

**Paragraphs 35-36:** Defendant's objections are overruled. The factual summary is supported by the credible evidence presented at the suppression hearing and trial.

**Paragraphs 38-42:** Without opposition from the government, the Court will sustain the objections to these paragraphs, and direct that they be stricken.

**Paragraph 47:** Without opposition from the government, the Court will sustain the objections to the last three sentences of this paragraph, and direct that they be stricken. The objection to the remaining sentences is overruled because they are supported by credible evidence at trial.

**Paragraph 49:** Without opposition from the government, the Court will sustain the objection to this paragraph, and direct that it be stricken.

**B. Role Enhancement**

**Paragraphs 20, 68:** Defendant objects to a four level enhancement as an organizer/leader, and suggests a two level enhancement would be more appropriate. The Court finds that the credible evidence at trial established that defendant was an organizer/leader within the meaning of United States Sentencing Guidelines Manual (U.S.S.G.) § 3B1.1(a), and that a four level enhancement is appropriate. The objection is overruled.

**C. Maintaining Premises**

**Paragraph 66:** Defendant objects to the two level enhancement based upon the allegation that he "maintained a premises for the purpose of manufacturing or distributing a controlled substance." U.S.S.G. § 2D1.1(b)(12). This Sentencing Guideline provision was promulgated effective November 1, 2010. See U.S.S.G. App. C, amend. 748 (Nov. 2010). Application Note 17 states:

> Subsection (b)(12) applies to a defendant who knowingly maintains a premises (i.e., a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution.
>
> Among the factors the court should consider in determining whether the defendant maintained the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises.
>
> Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the

> premises. In making this determination, the court should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes.

U.S.S.G. § 2D1.1, cmt. n. 17. While the Eleventh Circuit has not discussed this Sentencing Guideline in a published opinion, the Court finds that the factors it considers in interpreting a similar (but not identical) statute, 21 U.S.C. § 856(a)(1), to be relevant. The Eleventh Circuit has stated:

> The government mistakenly contends that evidence that a defendant regularly used premises as a site from which to distribute cocaine is, by itself, sufficient to sustain a conviction of that defendant for knowingly maintaining those premises. Such acts of distribution would be evidence of purpose, but, by themselves, they are not sufficient proof of knowingly maintaining the premises for that purpose. Acts evidencing such matters as control, duration, acquisition of the site, renting or furnishing the site, repairing the site, supervising, protecting, supplying food to those at the site, and continuity are, of course, evidence of knowingly maintaining the place considered alone or in combination with evidence of distributing from that place.

United States v. Clavis, 956 F.2d 1079, 1091 (11th Cir. 1992). Two other Circuit Courts have addressed § 2D1.1(b)(12). United States v. Sanchez, 710 F.3d 724 (7th Cir. 2013); United States v. Miller, 698 F.3d 699 (8th Cir. 2012).

The government has identified the three "trap houses" which it asserts were controlled and maintained by defendant Sereme (Presentence Report, ¶ 20) as being at 242 Capital Street, North Fort Myers, at 16902 Carmen Avenue, Fort Myers, (id., ¶¶ 51, 56), and on Juanita Street in Fort Myers. The Court will direct that

-4-

the government be prepared at the sentencing hearing with record citations to the trial testimony which support this enhancement. The objection is taken under further advisement.

**D. Criminal History**

The government filed a Notice of Government's Intent to Use Prior Convictions to Enhance the Penalty as to Counts One and Three of the Second Superseding Indictment as to Defendant Sereme (Doc. #325) on September 14, 2012, which alleged two prior qualifying convictions:

> (a) **Possession of Controlled Drug with Intent to Distribute**, in violation of Oklahoma Statute 63 OS 2-401(A)(1), a crime punishable by imprisonment for a term exceeding one year, in the District Court in and for Tulsa County, Oklahoma, in Case No. CF-08-4832, on or about February 19, 2009;
>
> (b) **Cocaine/Sell/Man/Deliver/Possess w/Intent**, in violation of Florida Statute, Section 893.13(1)(A)1, a crime punishable by imprisonment for a term exceeding one year, in the Circuit Court, Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, in Case No. F04-021452, on or about August 4, 2004.

(Doc. #325; Presentence Report, ¶ 14.) Additionally, defendant has been classified as a career offender based upon the drug conviction referred to in paragraph (b) of the Notice and convictions for aggravated assault with a firearm and attempted armed robbery-firearm in Dade County, Florida in 2002. (Presentence Report, ¶ 73.)

**(1) Oklahoma Convictions**

The Presentence Report indicates defendant has convictions in Oklahoma which impact the statutory maximum sentence and the calculation of the Sentencing Guidelines range. Several objections are made by defendant to the drug conviction referred to in paragraph (a) of the Notice.

**Paragraph 21** of the Presentence Report describes the facts underlying the convictions in Oklahoma as follows:

> A Tulsa, Oklahoma Police Department arrest report indicates on September 24, 2008, officers executed a search warrant [on] Sereme's residence at 1236 S. Quincy Avenue in Tulsa. Officers found multiple baggies of marijuana packaged for sale on the dining room table, a baggie of cocaine, scales, and a large amount of plastic baggies and cash. On October 30, 2008, the Tulsa County Sheriff's Office executed a search warrant on 1236 S. Quincy Avenue in Tulsa. Jude Sereme and Rick Jean fought with the arrest team when they served the warrant, and they also made threats to kill the neighbor and two deputies. Sereme, Rick Jean, and Minerva Jean were found to be in possession of marijuana.

(Presentence Report, ¶ 21.)

**Paragraphs 89 and 90** did not attribute any criminal history points for the two convictions in Oklahoma. The government objects to **Paragraph 89** of the Presentence Report to the extent that it finds the conviction for Possession of Controlled Drug with Intent to Distribute arising from the September 24, 2008 conduct in Tulsa, Oklahoma to be relevant conduct to the offenses of conviction and therefore not scoreable for Criminal History Category purposes. The government also objects to **Paragraph 90** of the Presentence

Report to the extent that it finds the convictions for Unlawful Possession of Controlled Drug and Threatening an Act of Violence arising from the October 30, 2008 conduct in Tulsa, Oklahoma to be relevant conduct to the offenses of conviction and therefore not scoreable for Criminal History Category purposes.

The Court is not satisfied that the record at this point accurately establishes the convictions for which defendant was convicted in Oklahoma. For that reason, the objections to these convictions and the related paragraphs are further taken under advisement.

**(2) Florida Conviction**

Defendant objects to the filing of the Notice under 21 U.S.C. § 851 on several grounds related to the Florida conviction referred to in paragraph (b). Defendant argues that the Florida conviction cannot be counted because: (1) it was the result of an invalid plea taking colloquy, (2) the plea violated due process, and (3) the Notice was insufficient to describe the offense of conviction.

Defendant's Sentencing Memorandum (Doc. #481) includes the transcript of the change of plea in the Dade County case. The transcript reflects that on August 4, 2004, defendant entered a guilty plea while represented by counsel. The Notice of Government's Intent to Use Prior Convictions to Enhance The Penalty as to Counts One and Three of the Second Superceding Indictment as to Defendant Sereme (Doc. #325) was filed on September 14, 2012.

Section 851(e) states: "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e). Because the Dade County conviction occurred more than five years before September 14, 2012, defendant is precluded from challenging this conviction under § 851. United States v. Williams, 954 F.2d 668, 673 (11th Cir. 1992); United States v. Williams, 438 F.3d 1272, 1274 (11th Cir. 2006); United States v. Woodyard, 349 F. App'x 518, 521 (11th Cir. 2009).

Defendant also objects to the sufficiency of the Notice as far as its description of this conviction. The Court finds that the Notice is sufficiently clear. See Perez v. United States, 249 F.3d 1261, 1265-66 (11th Cir. 2001). This objection is overruled.

If defendant qualifies for a sentence enhancement under § 851, his Eighth Amendment objection is overruled. United States v. Willis, 956 F.2d 248, 251 (11th Cir. 1992).

Additionally, because the record establishes that defendant was represented by counsel at the change of plea hearing, he may not otherwise challenge the use of this conviction at his federal sentencing. Custis v. United States, 511 U.S. 485, 487 (1994); United States v. Farris, 77 F.3d 391, 397 (11th Cir. 1994).

Accordingly, it is now

**ORDERED:**

1. The objections to the Presentence Report are **sustained in part and overruled in part** as set forth above.

2. Objections which have not been resolved above are **taken under advisement,** and will be discussed at the sentencing hearing.

3. Pursuant to Fed. R. Crim. P. 32(i)(3)(C), the U.S. Probation Office is directed to append a copy of these determinations to any copy of the Presentence Report made available to the Bureau of Prisons.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of April, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Probation