UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUDE SEREME,

    Petitioner,

v.　　　　　　　　　　　　　　　　Case No:  2:16-cv-308-FtM-29NPM
　　　　　　　　　　　　　　　　　　Case No. 2:11-CR-97-FTM-29CM
UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on Petitioner Jude Sereme's (Petitioner or Sereme) *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cr. Doc. #673; Cv. Doc. #1)[1] and Memorandum of Law to Support (Cr. Doc. #674; Cv. Doc. #2) filed on April 25, 2016.  The United States filed a Response in Opposition on June 23, 2016, to which Petitioner filed a Response on July 18, 2016.  (Cv. Docs. #7; #8).  For the reasons set forth below, Petitioner's § 2255 motion is denied.

Also pending before the Court are Petitioner's Motion to Amend Motion to Vacate, Set Aside or Correct Sentence, In Pursuant to Federal Rules of Civil Procedure 15(A)(C)(2) and Motion for an

---

[1] The Court will refer to the underlying criminal docket, 2:11-cr-00097-JES-CM-1, as "Cr. Doc.," and will refer to the civil docket as "Cv. Doc."

Order for the Government to Show Cause Why He Should Not Be Resentenced Absent the Career Offender in Light of the Supreme Court's Decision in Mathis v. United States. (Cv. Docs. #10; 11). Sereme's motion to amend his § 2255 motion is granted to the extent the Court will consider this claim as set forth below, and his motion for an order for the government to show cause is denied as moot.

**I.  Procedural History**

On September 5, 2012, a federal grand jury in Fort Myers, Florida returned a twelve-count Second Superseding Indictment charging Petitioner and six co-defendants with various drug offenses. (Cr. Doc. #282). Count One charged Petitioner and six others with conspiracy to manufacture, possession with intent to distribute, and distribution of 280 grams or more of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) and 846. (Id., pp. 1-2). In addition to the conspiracy, Petitioner was charged in Count Three with knowing and willful possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Id., p. 3). On September 14, 2012, the government filed a notice of intent to enhance Sereme's sentence under 21 U.S.C. § 851 because he had two qualifying prior drug convictions. (Cr. Doc. #325).

The Court conducted an eleven-day trial. On October 5, 2012, the jury returned a verdict finding Sereme guilty of Counts One

and Three. (Cr. Doc. #383, pp. 1, 4). As to Count One, the jury found that the amount of cocaine base involved in the conspiracy was more than 280 grams. (Id., pp. 2-3).

Sereme was sentenced on May 13, 2013. (Cr. Docs. # 541; #559; #560; #561). Because Sereme was found guilty of a conspiracy involving more than 280 grams of cocaine base under 21 U.S.C. § 841(b)(1)(A)(iii) and had two prior felony drug convictions, he faced a mandatory term of life imprisonment. (Cr. Docs. #560; #561). After finding the government filed a timely and adequate notice under 21 U.S.C. § 851, the undersigned sentenced Petitioner to a term of life imprisonment as to Count One, and 300 months imprisonment as to Count Three, to be served concurrently. (Cr. Docs. #537; 542). In addition, the undersigned imposed a term of six years supervised release as to Count Three. (Cr. Doc. #542, p. 3).

Petitioner filed a Notice of Appeal on May 15, 2013. (Cr. Doc. #543). On direct appeal, Sereme raised two issues. First, Sereme argued the trial court erred in denying his motion to suppress because (a) there was no legal basis to conduct a second search of his person during the traffic stop and (b) even if the second search was permissible, the second search exceeded the permissible scope of a personal search. See Appellant's Br., United States v. Hyppolite, 13-10471 (11th Cir. Nov. 25, 2013); see also United States v. Hyppolite, 609 F. App'x 597, 603 (11th

Cir. 2015). Second, Sereme argued the trial court improperly enhanced his sentence under 21 U.S.C. § 851 because (a) the government failed to comply with the strict notice requirements under the statute and (b) the notice was untimely. See Appellant's Br., United States v. Hyppolite, 13-10471 (11th Cir. Nov. 25, 2013); see also Hyppolite, 609 F. App'x at 608-09.

On June 25, 2015, the Eleventh Circuit affirmed Petitioner's convictions, but vacated the Judgment and remanded the case to the trial court for resentencing. See Hyppolite, 609 F. App'x at 612. Specifically, the Eleventh Circuit found that the government failed to satisfy the notice requirements of 21 U.S.C. § 851 and, therefore, the undersigned erred in finding that the government's notices of intent to enhance Sereme's sentence were timely and in compliance with the requirements under the statute. See id. Sereme thereafter filed a petition for writ of certiorari, which the Supreme Court denied on November 2, 2015. See Sereme v. United States, 136 S. Ct. 430 (2015).

Upon remand, the District Court conducted a resentencing hearing on September 28, 2015. (Cr. Doc. #648). Sereme's new Presentence Investigation Report reflected the adjustments to his offense level computation without the § 851 enhancements. (Cr. Doc. #647). Under the 2014 United States Sentencing Guidelines, Sereme's Base Offense Level was calculated at 30 because the jury found the conspiracy involved more than 280 grams of cocaine base.

(Id., p. 12). There were two enhancements to his offense level. First, under U.S.S.G. § 3B1.1(a), petitioner received a four-level increase because he was found to be an organizer/leader of the drug distribution organization. (Id., p. 13). Next, his offense level was increased to 37 because he qualified as a career offender pursuant to U.S.S.G. § 4B1.1 since he was 28 years-old and he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. (Id.). Because he was deemed a career offender under U.S.S.G. § 4B1.1, his Criminal History Category was calculated at a VI. (Id., p. 21). This yielded an advisory sentencing range of 360 months to life imprisonment. (Cr. Doc. #647, p. 25).

At the hearing, the undersigned varied below the Guidelines and sentenced Sereme to a term of 300 months imprisonment as to Count One, and 240 months imprisonment as to Count Three, to be served concurrently. (Cr. Doc. #648, p. 2). Additionally, the undersigned imposed a concurrent term of supervised release of five years as to Count One and three years as to Count Three. (Id., p. #3).

Sereme now seeks relief under 28 U.S.C. § 2255. The government concedes that Sereme timely filed his § 2255 motion (Cv. Doc. #7, pp. 3-4), and the Court agrees.

## II. Legal Standards

**A. Evidentiary Hearing and Appointment of Counsel**

A district court shall hold an evidentiary hearing on a habeas corpus petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted). However, a district court is not required to hold an evidentiary hearing where the petitioner's allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record. See id. at 715.

To establish entitlement to an evidentiary hearing, petitioner must "allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015). The Court finds that the record establishes that Petitioner is not entitled to relief and, therefore, an evidentiary hearing is not required.

Because Petitioner's motion for an evidentiary hearing is denied, appointment of counsel is not required under Rule 8(c), Rules Governing Section 2255 Proceedings for the United States

District Court. Petitioner is not otherwise entitled to appointment of counsel in this case. See Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006) (stating there is no Sixth Amendment right to counsel in post-conviction collateral proceedings); see also Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983) ("Counsel must be appointed for an indigent federal habeas petitioner only when the interest of justice or due process so require."). Neither the interest of justice nor due process requires the appointment of counsel here.

**B. Ineffective Assistance of Trial and Appellate Counsel**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. See Hinton v. Alabama, 571 U.S. 263, 272-73 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)). "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a Strickland claim, a court need not address both Strickland prongs if the petitioner fails to

satisfy either of them." Kokal v. Sec'y, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).

The proper measure of attorney performance is "simply reasonableness under prevailing professional norms" considering all the circumstances. Hinton, 571 U.S. at 273 (internal quotations and citations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689; see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (stating courts must look to the facts at the time of counsel's conduct). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689-90.

To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. See Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); see also Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. See United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); see also Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

The same deficient performance and prejudice standards apply to appellate counsel. See Smith v. Robbins, 528 U.S. 259, 285-86 (2000); see also Roe, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. See Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Counsel is not deficient for failing to raise non-meritorious claims on direct appeal. See Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

### III. Analysis

Petitioner raises four grounds for relief.[2] First, Petitioner argues that both trial and appellate counsel failed to present effective Fourth Amendment arguments. (Cr. Docs. #637, p. 4; #674, pp. 3-6; Cv. Docs. #1, p. 4; #2, pp. 3-6). Specifically, he maintains counsel failed to argue (1) law enforcement lacked probable cause to conduct a second search of his person during the traffic stop and (2) the second search exceeded the scope of a permissible pat-down frisk under Minnesota v. Dickerson, 508 U.S. 366 (1993). (Cr. Doc. #674, pp. 5-6; Cv. Doc. #2, pp. 5-6).

---

[2] Although it is unclear whether Petitioner abandoned Grounds Two and Three of his § 2255 motion (Cv. Doc. #8, p. 3; #10, p. 1), out of the abundance of caution, the Court will address the merits of these claims.

Second, Petitioner contends both trial and appellate counsel rendered ineffective assistance by failing to assert that there was insufficient evidence to sentence him based upon the entire amount of crack cocaine under Count One. (Cr. Docs. #673, pp. 5-6; #674, pp. 6-7; Cv. Docs. #1, pp. 5-6; #2, pp. 6-7). Next, Petitioner argues trial counsel erred in failing to object to the points added to his criminal history score based upon his prior convictions. (Cr. Docs. #673, p. 7; #674, pp. 7-8; Cv. Docs. #1, p. 7; #2, pp. 7-8). Lastly, in his motion to amend, Petitioner claims, pursuant to Mathis v. United States, 136 S. Ct. 2243 (2016), that his prior conviction under Fla. Stat. § 893.13(1) does not qualify him as a career offender for purposes of sentencing, and thus he must be resentenced. (Cv. Docs. #10; #11). The Court addresses each in turn.

**A. Ground One: Failure to Present Fourth Amendment Arguments**

Liberally construing Petitioner's motion under Ground One, he argues that both trial and appellate counsel failed to present effective Fourth Amendment arguments on his behalf. (Cr. Docs. #673, p. 4; #674, pp. 3-6; Cv. Docs. #1, p. 4; #2, pp. 3-6). Specifically, Petitioner alleges both attorneys failed to argue (1) law enforcement did not have probable cause to conduct a second search of his person and (2) the officer exceeded the scope of a permissible pat-down frisk under Minnesota v. Dickerson, 508 U.S. 366 (1993). (Cr. Doc. #674, pp. 3-6; Cv. Doc. #2, pp. 3-6).

The Fourth Amendment issue was fully litigated before the District Court. A magistrate judge conducted an evidentiary hearing and issued a Report and Recommendation recommending that the Court deny Sereme's motion to suppress. (Cr. Doc. #189). The Court entertained objections to the Report and Recommendation but overruled them, finding (a) the stop of the vehicle in which Sereme was a passenger was lawful because the officers had probable cause to believe two traffic offenses were being committed (unlawful window tint and speeding) and (b) the events leading up to the search justified the detention and search of Sereme's person. (Cr. Docs. #212; #223, p. 2).

Sereme's appellate counsel also raised the Fourth Amendment issue for the Eleventh Circuit's consideration. (See Appellant's Br., United States v. Hyppolite, 13-10471 (11th Cir. Nov. 25, 2013); see also Hyppolite, 609 F. App'x at 603). The Eleventh Circuit found probable cause existed to conduct a full search of Sereme's person because (a) law enforcement had been investigating Sereme's participation in the underlying drug conspiracy, (b) the vehicle was stopped because of speeding and illegally tinted windows, and (d) the officers smelled marijuana coming from the vehicle. See Hyppolite, 609 F. App'x at 604-606.

It is well settled that a "district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th

Cir. 2000) (citing United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981)). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." Id. (citing United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977)).

Considering the above, Sereme is barred from relitigating his motion to suppress in this habeas proceeding. The Fourth Amendment issue was fully litigated before this Court, briefed on direct appeal, and resolved against Sereme on appeal.

Petitioner replies that although both trial and appellate counsel argued the second search of his person was an unreasonable personal search, they failed to assert that the second search (a) lacked probable cause and (b) exceeded the scope of a permissible pat-down under Dickerson, 508 U.S. 366. (Cr. Doc. #674, pp. 5-6; Cv. Docs. #2, pp. 5-6; #8, pp. 2-3). This, Petitioner argues, constituted ineffective assistance by both attorneys.

To succeed on an ineffective assistance of counsel claim premised on a violation of the Fourth Amendment, a petitioner must prove that his underlying Fourth Amendment claim is meritorious. See Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). Petitioner's argument that the search of his person implicated Dickerson is unfounded. In Dickerson, the Supreme Court set forth the limited way in which an officer may conduct a protective pat-down frisk based upon reasonable suspicion. See Dickerson, 508 U.S. at 373-

79. Contrary to this situation, however, the Eleventh Circuit found the second search of Sereme's person was supported by "ample probable cause[.]" Hyppolite, 609 F. App'x at 606. The limitations of Dickerson, therefore, do not apply here. See Dickerson, 508 U.S. at 373 ("[A] protective search—permitted without a warrant and *on the basis of reasonable suspicion less than probable cause*—must be strictly limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby.") (internal quotation marks and citations omitted) (emphasis added). Rather, because probable cause existed (Sereme's known participation in the drug conspiracy, the smell of marijuana coming from the car, and traffic violations), the officer in this case could "perform a full search of Sereme's person." Hyppolite, 609 F. App'x at 606.

Petitioner has not set forth a meritorious Fourth Amendment claim, and therefore his claim that counsel violated his Sixth Amendment, even if not barred, is without merit. Accordingly, Ground One is denied.

### B. Ground Two: Insufficient Evidence to Support Amount of Crack Cocaine as to Count One[3]

Under Ground Two, Petitioner argues that both trial and appellate counsel failed to assert that the district court erred

---

[3] The government argues that Sereme's claims under Ground Two and Three are procedurally barred because he failed to assert them on direct appeal. (Cv. Doc. #7, pp. 6-7). The Court disagrees

in finding the entire amount of crack cocaine was attributable to him for sentencing purposes. (Cr. Docs. #673, pp. 5-6; #674, pp. 6-7; Cv. Docs. #1, pp. 5-6; #2, pp. 6-7). Had his attorneys asserted this issue, Petitioner argues he would have received a new sentencing hearing. (Cr. Doc. #674, p. 7; Cv. Doc. #2, p. 7).

The Court finds no ineffective assistance of trial or appellate counsel as to this claim because there was neither deficient performance nor prejudice to Petitioner. The jury found beyond a reasonable doubt that the amount of cocaine base involved in the conspiracy under Count One exceeded 280 grams. (Cr. Doc. #383, p. 3). This determination had two impacts on Sereme's sentence. First, this jury finding made all defendants, including Petitioner, subject to a statutory mandatory minimum sentence of 120 months.[4] See 21 U.S.C. § 841(b)(1)(iii). Second, the Presentence Report determined the Base Offense Level by using the drug quantity of at least 280 grams of cocaine base. The Eleventh

---

because claims of ineffective assistance of counsel are not subject to procedural default. See Massaro v. United States, 538 U.S. 500, 504 (2003). The Court, therefore, will address the merits of Grounds Two and Three.

[4] Apprendi v. New Jersey, 530 U.S. 466 (2000) requires that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt; see also Alleyne v. United States, 570 U.S. 99, 103 (2013) ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.").

Circuit rejected the argument by other defendants that the government had to show an individualized quantity of drugs attributable to each defendant for purposes of establishing a conspiracy and found the evidence was sufficient to establish the quantity of drugs at issue. See Hyppolite, 609 F. App'x at 603 n.4 (citing United States v. Curbelo, 726 F.3d 1260, 1268-71 (11th Cir. 2013)). Thus, trial and appellate counsel did not provide deficient performance in failing to raise the individualized drug quantity issue. Consequently, Ground Two is denied.

**C. Ground Three: Failure to Object to Criminal History Points**

Under Ground Three, Petitioner argues trial counsel rendered ineffective assistance of counsel in failing to object to the calculation of his criminal history points under the Presentence Investigation Report. (Cr. Docs. #673, p. 7; #674, pp. 7-8; Cv. Docs. #1, p. 7; #2, pp. 7-8). Sereme alleges he should have not received points for certain offenses because he was either a juvenile at the time of the offense or the sentences ran concurrently. (Cr. Doc. #674, pp. 7-8; Cv. Doc. #2, pp. 7-8). The government responds that Petitioner's argument fails because regardless of his total criminal history points, his Criminal History Category was required to be a Category VI given his career offender status. (Cv. Doc. #7, pp. 12-13). The Court agrees and finds no deficient performance nor prejudice to Petitioner.

A review of Sereme's Presentence Investigation Report shows that his Criminal History Category was initially calculated at a V based upon his total Criminal History Score of 15. (Cr. Doc. #647, p. 20). Nonetheless, under U.S.S.G. § 4B1.1, his Criminal History Category was increased to VI due to his status as a career offender. See U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). (Id., p. 21). Thus, since his career offender status determined his Criminal History Category, counsel's objections to Sereme's criminal history points would have been futile in an effort to affect the ultimate criminal history category. (Id.). Because Petitioner fails to show prejudice, his ineffective assistance of counsel claim in Ground Three is denied.

### D. Ground Four: Validity of Prior Drug Conviction for Sentence Enhancement under U.S.S.G. § 4B1.1

Petitioner asserts Ground Four in his motion to amend his § 2255 motion. (Cv. Docs. #10; 11). As stated above, the Court grants Sereme's motion to amend to the extent it addresses his argument below.

In relying upon Mathis v. United States, 136 S. Ct. 2243 (2016), Petitioner argues that his Florida conviction for the sale, manufacture, delivery, or possession of cocaine does not qualify as a "controlled substance offense" under U.S.S.G. § 4B1.1(a). (Cv. Doc. 10). The Court disagrees.

Under the 2014 United States Sentencing Guidelines Manual, a defendant convicted of a violent crime or controlled substance offense is a career offender under § 4B1.1(a) if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Crucial here, the Guidelines define a "controlled substance offense" as:

> an offense . . . under . . . state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. §4B1.2(b).

Sereme's Base Offense Level was a 30 based upon the jury's finding that the cocaine base involved in the conspiracy exceeded 280 grams. (Cr. Doc. #674, p. 12). Petitioner was deemed a career offender because he was at least 28 years-old when he committed the underlying controlled substance offenses, and he had the following two prior felony convictions for either a controlled substance offense or crime of violence:

- Cocaine/Sell/Man/Deliver/Possess w/ Intent, in the Circuit Court, Eleventh Judicial Circuit, in Date County, Florida (Case No. F04-021452); and

- Aggravated Assault with a Firearm and Attempted Armed Robbery-Firearm, in the Circuit Court, Eleventh Judicial Circuit, in Dade County, Florida (Case No. 02-CF-3825)

(Id., p. 13). As a career offender, Sereme's Total Offense Level became 37 and his Criminal History Category was a VI. (Id., pp. 13, 21). Petitioner alleges that, under Mathis, his prior conviction for the sale, manufacture, delivery, or possession of cocaine under Fla. Stat. § 893.13 does not qualify as a "controlled substance offense" and, therefore, he is not eligible for a career offender sentencing enhancement. (Cv. Docs. #10; #11). Sereme's reliance on Mathis, however, is misplaced.

This Court has already held that "[n]othing in *Mathis* . . . suggests that the sale of cocaine under Florida Statute § 893.13 is no longer a serious drug offense under § 4B1.2." Alterma v. United States, No. 2:16-CV-450-FTM-38CM, 2017 WL 3537527, at *3 (M.D. Fla. Aug. 17, 2017); see also Ceasar v. United States, No. 2:17-CV-308-FTM-38MRM, 2018 WL 1964197, at *4-5 (M.D. Fla. Apr. 26, 2018) (citing United States v. Pridgeon, 853 F.3d 1192, 1197-98 (11th Cir. 2017); United States v. Hill, 652 F. App'x 835, 836 (11th Cir. 2016)). The Eleventh Circuit has held an offense under Fla. Stat. § 893.13 qualifies as a predicate "controlled substance offense" for career offender status pursuant to U.S.S.G. § 4B1.2(b). See United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014). Because Petitioner's prior conviction was a serious drug offense, the Court finds that Sereme's Guidelines range was properly calculated. Consequently, Ground Four is denied.

Accordingly, it is now

**ORDERED:**

1. Petitioner Jude Sereme's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cr. Doc. #673; Cv. Doc. #1) is **DENIED**.

2. Petitioner's requests for an evidentiary hearing and the appointment of counsel (Cr. Doc. #674, p. at 8; Cv. Docs. #2, p. 8; #8) are **DENIED**.

3. Petitioner's Motion to Amend Motion to Vacate, Set Aside or Correct Sentence, in Pursuant to Federal Rules of Civil Procedure 15(A)(C)(2) (Cv. Doc. #10) is **GRANTED** to the extent that the argument(s) in this motion to amend were considered above.

4. Petitioner's Motion for an Order for the Government to Show Cause Why He Should Not Be Resentenced Absent the Career Offender in Light of the Supreme Court's Decision in Mathis v. United States (Cv. Doc. #11) is **DENIED AS MOOT**.

5. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to **(a)** place a copy of the civil Judgment in the criminal file and **(b)** send a copy of

this Opinion and Order to the Clerk's Office of the Eleventh Circuit Court of Appeals.

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of July, 2019.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record