```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:11-cr-97-JES-NPM

JUDE SEREME

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for a Sentence Reduction and/or Modification of Sentence (Doc. #825) filed on February 21, 2023. The government filed a Response in Opposition (Doc. #826) on March 7, 2023.

**I.**

The Court previously set forth defendant's procedural history, which is incorporated herein:

> On September 5, 2012, a federal grand jury in Fort Myers, Florida returned a twelve-count Second Superseding Indictment charging Petitioner and six co-defendants with various drug offenses. (Cr. Doc. #282). Count One charged Petitioner and six others with conspiracy to manufacture, possession with intent to distribute, and distribution of 280 grams or more of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) and 846. (Id., pp. 1-2). In addition to the conspiracy, Petitioner was charged in Count Three with knowing and willful possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Id., p. 3). On September 14, 2012, the government filed a notice of intent to enhance Sereme's sentence under 21 U.S.C. § 851 because he had two

> qualifying prior drug convictions. (Cr. Doc. #325).
>
> The Court conducted an eleven-day trial. On October 5, 2012, the jury returned a verdict finding Sereme guilty of Counts One and Three. (Cr. Doc. #383, pp. 1, 4). As to Count One, the jury found that the amount of cocaine base involved in the conspiracy was more than 280 grams. (Id., pp. 2-3).
>
> Sereme was sentenced on May 13, 2013. (Cr. Docs. # 541; #559; #560; #561). Because Sereme was found guilty of a conspiracy involving more than 280 grams of cocaine base under 21 U.S.C. § 841(b)(1)(A)(iii) and had two prior felony drug convictions, he faced a mandatory term of life imprisonment. (Cr. Docs. #560; #561). After finding the government filed a timely and adequate notice under 21 U.S.C. § 851, the undersigned sentenced Petitioner to a term of life imprisonment as to Count One, and 300 months imprisonment as to Count Three, to be served concurrently. (Cr. Docs. #537; 542). In addition, the undersigned imposed a term of six years supervised release as to Count Three. (Cr. Doc. #542, p. 3).

Sereme v. United States, No. 2:16-CV-308-FTM-29NPM, 2019 WL 3343768, at *1 (M.D. Fla. July 25, 2019). Defendant appealed and the Eleventh Circuit affirmed the convictions but remanded for resentencing.

> Upon remand, the District Court conducted a resentencing hearing on September 28, 2015. (Cr. Doc. #648). Sereme's new Presentence Investigation Report reflected the adjustments to his offense level computation without the § 851 enhancements. (Cr. Doc. #647). Under the 2014 United States Sentencing Guidelines, Sereme's Base Offense Level was calculated at 30 because the jury found the conspiracy involved more than 280 grams of cocaine base. (Id., p. 12). There were two enhancements to his offense level. First,

> under U.S.S.G. § 3B1.1(a), petitioner received a four-level increase because he was found to be an organizer/leader of the drug distribution organization. (Id., p. 13). Next, his offense level was increased to 37 because he qualified as a career offender pursuant to U.S.S.G. § 4B1.1 since he was 28 years-old and he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. (Id.). Because he was deemed a career offender under U.S.S.G. § 4B1.1, his Criminal History Category was calculated at a VI. (Id., p. 21). This yielded an advisory sentencing range of 360 months to life imprisonment. (Cr. Doc. #647, p. 25).
>
> At the hearing, the undersigned varied below the Guidelines and sentenced Sereme to a term of 300 months imprisonment as to Count One, and 240 months imprisonment as to Count Three, to be served concurrently. (Cr. Doc. #648, p. 2). Additionally, the undersigned imposed a concurrent term of supervised release of five years as to Count One and three years as to Count Three. (Id., p. #3).

Id. at *2. Relief pursuant to 28 U.S.C. § 2255 was denied. (Doc. #729.)

**II.**

Chapter Four enhancements were applied to increase defendant's sentence to an Offense Level of 37 based on two prior felony convictions: (1) cocaine/sell/man/deliver/possess w/intent and (2) aggravated assault with a firearm and attempted armed robbery-firearm. Defendant seeks relief under Section 401 of the First Step Act arguing that defendant must have *served* more than 12 months of imprisonment for a prior felony offense to qualify as

a predicate offense and defendant only served 364 days in the county jail for the drug offense.

The First Step Act became effective on December 21, 2018. Section 401 of the First Step Act, the Reduce and Restrict Enhanced Sentencing for Prior Drug Felonies, changed the mandatory penalties for repeat offenders and modified the types of offenses that trigger the penalties. "Specifically, while § 841(b)(1)(A) previously stated that a prior conviction for a 'felony drug offense' would trigger mandatory penalties, First Step Act § 401(a) changed the prior-conviction requirement to a 'serious drug felony or serious violent felony.'" United States v. Pubien, 805 F. App'x 727, 730 (11th Cir. 2020). The First Step Act took effect on August 3, 2010, Dorsey v. United States, 567 U.S. 260, 270 (2012), and "The First Step Act did not make § 401's amendments retroactively applicable to defendants sentenced prior to its enactment", Pubien, 805 F. App'x at 730. As Section 401 does not apply retroactively, it cannot be the basis for a reduction in sentence for defendant who was sentenced in 2015.

### III.

Defendant argues that his career offender status should be removed based on Concepcion, and because the prior convictions have been redefined. Defendant argues that the Court should exercise its discretion and consider relevant and intervening changes to resentence defendant without the career offender

enhancement. In Concepcion, the Supreme Court stated that district courts may consider intervening changes of law in fact in exercising their discretion to reduce a sentence under the First Step Act. However,

> The only two limitations on district courts' discretion appear in § 404(c): A district court may not consider a First Step Act motion if the movant's sentence was already reduced under the Fair Sentencing Act or if the court considered and rejected a motion under the First Step Act.

Concepcion v. United States, 142 S. Ct. 2389, 2401–02 (2022). In this case, defendant' original sentence was imposed in accordance with the Fair Sentencing Act of 2010, and therefore Concepcion does not support reduction in his sentence.

**IV.**

Defendant generally argues that the Court should look at factors outlined in 18 U.S.C. § 3553(a) and consider his rehabilitation efforts while incarcerated, that he is not a danger to the community, his desire to connect with the youth in North Miami, and to avoid unwarranted sentencing disparities.

> The authority of a district court to modify an imprisonment sentence is narrowly limited by statute. Specifically, § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, see 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or

> Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, see id. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, see id. § 3582(c)(2).

United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Attached to defendant's motion is a January 18, 2023, Response (Doc. #825-1) from the Warden indicating that it could find no extraordinary or compelling circumstances warranting compassionate release. The Court also finds no stated extraordinary or compelling circumstances warranting compassionate release, or any other basis for a reduction in sentence.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for a Sentence Reduction and/or Modification of Sentence (Doc. #825) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of March 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record