UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                             CASE NO: 2:11-cr-97-JES-NPM

JUDE SEREME
_____

**OPINION AND ORDER**

This matter came before the Court on defendant's Motion to Alter or Amend the Judgment Under Federal Rule of Civil Procedure Rule 59(e) (Doc. #828) filed on March 24, 2023, seeking reconsideration of the Court's Opinion and Order (Doc. #827) issued on March 10, 2023. Defendant argued, in part, that the Court failed to consider the impact of United States v. Dupree, 57 F.4th 1269 (11th Cir. 2023) (en banc) on his sentence. The Court noted that the government did not address the impact, if any, of Dupree, and directed the government to file a response. Defendant was provided an opportunity to file a reply to the government's response. On April 13, 2023, the government filed a Response in Opposition (Doc. #831). Defendant has not filed a reply and the time to do so has expired.

In this case, defendant was convicted of conspiracy to manufacture, possession with intent to distribute, and distribution of 280 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) and 846 (Count 1), and

possession with intent to distribute a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 3). Defendant's sentence was enhanced as a career offender because "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense", and "defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1(a).

The Presentence Report found that defendant was a career offender: "The defendant is a career offender as defined in USSG §4B1.1. He was age 28 when he committed the offense. The offenses of conviction are felony controlled substance offenses, and the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense, listed below. Since the statutory maximum is Life, the total offense level becomes 37. USSG §4B1.1.(b)(1)."  (Doc. #647, ¶ 62.)  The two underlying convictions used to enhance defendant's sentence were for cocaine/sell/man/deliver/possess with intent and aggravated assault with a firearm and attempted armed robbery-firearm.  (Id.)

Under Dupree, a "conviction for conspiracy to possess with intent to distribute heroin and cocaine in violation of § 846 is not a controlled substance offense because the plain text of § 4B1.2(b) unambiguously excludes inchoate crimes." Dupree, 57 F.4th at 1280.  Therefore, the "instant offense" of *conspiracy* in

Count I would no longer qualify under current case law. This is harmless in this case, however, because the instant offense also included a substantive offense of possession with intent to distribute cocaine (Count Three). Therefore, Dupree does not result in the sentence being unlawful and provides no relief for defendant. Whether retroactive or not, Dupree does not change the outcome in defendant's case.

The government notes that "Sereme also seems to allude to his prior State of Florida felony drug conviction as not meeting the definition of a controlled substance offense as required to be a career offender. (Doc. #831, p. 3) (citing Doc. #825, p. 12.) Defendant stated, "we now know that the 2004 cocaine conviction for Case No. F04-021452, would not qualify as a controlled substance offense under today's sentence structure…." (Doc. #825, p. 12.) Defendant is incorrect in his assessment.

Defendant was adjudicated guilty in 2004 of the sale of cocaine and sentenced to 364 days in jail. (Doc. #647, ¶ 71.) The sale of a controlled substance under Fla. Stat. § 893.13(1)(a) is a controlled substance offense punishable by up to 15 years of imprisonment. United States v. Howard, 767 F. App'x 779, 786 (11th Cir. 2019). "'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless

of the actual sentence imposed. A conviction for an offense committed at age eighteen or older is an adult conviction." U.S. Sentencing Guidelines Manual § 4B1.2 cmt. n.1. Even if defendant was sentenced to one day less than a year, the prior felony counts towards defendant's qualification as a career offender.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Alter or Amend the Judgment Under Federal Rule of Civil Procedure Rule 59(e) (Doc. #828) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of May 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record