UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:11-cr-97-JES-NPM

JUDE SEREME
_____

**OPINION AND ORDER**

This matter came before the Court on defendant Jude Sereme's (Sereme or defendant) Request for Records – Video Footage and Sealed Docket Entries (Doc. #905) filed on March 17, 2025. The government filed a Response (Doc. #906) April 11, 2025, and defendant filed a Reply (Doc. #908) on May 8, 2025. Defendant seeks copies of digital footage, and the unsealing of all documents currently identified as sealed in the court's docket. As set forth below, the motion is granted in part and denied in part.

**A. Audio/Video Footage**

Defendant seeks access to video footage of "All body camera footage, dash camera footage, and any other video recordings captured by every law enforcement officer present at the scene on the date December 20, 2010 of the alleged offense," including any audio communications that accompany the video footage. Alternatively, if not available, defendant seeks a written explanation for the unavailability. (Doc. #905 at 1.) The government states that it "does not oppose Sereme's request for

records consisting of video footage in the possession of the Clerk's office that relate to the date December 10, 2010." (Doc. #906 at 1.)

This portion of the motion will be granted to the extent such items are available in the Clerk's Office. None of the digital exhibits are sealed, and therefore may be obtained by defendant. Any digital evidence admitted during trial is available in the Clerk's Office for a fee of $30 for each digital copy. To the extent that defendant seeks audio/video footage that is not, or never was, in the custody of the Clerk's Office, defendant does not seek judicial records. Defendant's motion is denied as to these items, and defendant should direct his request for such items to the appropriate law enforcement agency which may have custody of such items.

### B. Sealed Documents

Defendant seeks copies of all "sealed docket entries and related filings listed on [his] docket sheet." If such records are restricted, defendant seeks the legal basis for the sealing or redacted copies of the documents. (Doc. #905 at 1-2.) The government takes no position as to sealed documents S5 through S10, S16 through S18, S21 and S22 since it is unaware of the contents of the documents. (Doc. #906 at 5.) The government opposes the unsealing of the contents of docket entry 364, and

docket entry 777, Attachment B, since they contain private medical information about a co-defendant. (Id. at 5-6.)

The Court begins with the proposition that "[j]udicial records are open to the public, and for good reason—access to judicial proceedings is crucial to our tradition and history, as well as to continued public confidence in our system of justice. This Circuit has been resolute in our enforcement of that presumption of public access." Callahan v. United Network for Organ Sharing, 17 F.4th 1356, 1358-59 (11th Cir. 2021). The common-law right of access to judicial proceedings is "an essential component of our system of justice" and "instrumental in securing the integrity of the process." Chi. Trib. Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) (citation omitted). While such records are presumptively available to the public under the common law, the right of public access to judicial records is "not absolute." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). The Court follows a two-step process. The Court must first determine whether the items are properly considered judicial records. Second, the Court must balance any competing interests in the sealing/unsealing of the document. Chi. Trib. Co., 263 F.3d at 1311.

"Whether a document is a 'judicial record' subject to the common law right of access is a question of law...." Callahan, 17 F.4th at 1360 (citation omitted). A "judicial record" subject to

the common-law right of access includes material "filed in connection with any substantive pretrial motion, unrelated to discovery." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007). A substantive pretrial motion need not be dispositive; any motion "'presented to the court to invoke its powers or affect its decisions,'" is subject to the public right of access. Id. at 1246 (citation omitted). Even documents not formally filed with the Court and not on the docket could be considered judicial records if they were "integral to the judicial resolution of the merits in any action taken by that court." Comm'r, Alabama Dep't of Corr. v. Advance Local Media, LLC, 918 F.3d 1161, 1167 (11th Cir. 2019) (quotation marks omitted).

Balancing "the asserted right of access against the other party's interest in keeping the information confidential" requires the court to evaluate whether good cause exists to prevent access. Romero, 480 F.3d at 1246 (citation and quotation marks omitted). A Court weighing these competing interests will consider "'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" Callahan, 17 F.4th at 1363 (citing Romero at 1246).

Additionally, a Court should consider "whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, whether access is likely to promote public understanding of historically significant events, and whether the press has already been permitted substantial access to the contents of the records." Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983) (citing Nixon, 435 U.S. at 598-603 & n.11).

Additionally, access to certain documents filed by United States Probation, such as a Statement of Reasons, is restricted:

> The Judicial Conference Committee on Court Administration and Case Management has issued "Guidance for Implementation of the Judicial Conference Policy on Privacy and Public Access to Electronic Criminal Case Files" (March 2004). This document sets out limitations on remote electronic access to certain sensitive materials in criminal cases. It provides in part as follows:
>
> The following documents shall not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access:
>
> - unexecuted summonses or warrants of any kind (e.g., search warrants, arrest warrants)
>
> - pretrial bail or presentence investigation reports;
>
> - statements of reasons in the judgment of conviction;…

>    - ex parte requests for authorization of investigative, expert or other services pursuant to the Criminal Justice Act; and
>
>    - sealed documents (e.g., motions for downward departure for substantial assistance, plea agreements indicating cooperation).
>
> To the extent that the Rule does not exempt these materials from disclosure, the privacy and law enforcement concerns implicated by the above documents in criminal cases can be accommodated under the rule through the sealing provision of subdivision (d) or a protective order provision of subdivision (e).

Fed. R. Crim. P. 49.1 advisory committee's note to 2007 Adoption. A typical reason for such restricted access is concern that a defendant being sent to prison will be disclosed as having cooperated with the government.

The Court is required to state the reasons for its determination as to each document at issue. cite

**(1)  Documents S5 through S24**

These documents from 2012 are not scanned on the docket. By Order (Doc. #362) issued on October 1, 2012, the Court directed that documents S-11, 12, 13, 14, 15, 20, 23, and 24 be unsealed considering the government's disclosures and a motion in limine (Doc. #350).  These documents have been unsealed, and the remaining documents may be unsealed since as executed warrants they are judicial records for which there is no reason justifying continued sealing.

**(2) Documents 250, 283-289**

These are arrest warrants issued for defendants which were all executed and returned for filing. These are judicial records for which no reason exists for continued sealing.

**(3) Document 298**

This is an Ex-Parte Motion for Permission to Use Real Time Court Reporting at Trial (Doc. #298) filed by co-defendant Neheme Ductant. This is a judicial record for which no reason remains for continued sealing.

**(4) Documents 168, 340, 343, 345**

The first document is the government's Witness List (Doc. #168) filed in advance of an evidentiary hearing on a motion to suppress wiretap evidence. All of the witnesses were called, and a transcript has been filed of the hearing. (Doc. #171.) The Court finds that this is a judicial record for which no reason remains for sealing. The remaining documents were submitted for trial: a Witness List (Doc. #340) by Eric Bonita, a Witness List (Doc. #343) by Jude Sereme, and a Witness List (Doc. #345) submitted by the government. All of these documents are judicial records for which no reason remains for sealing since the trial was completed years ago.

**(5) Documents 364, 368**

The government filed a Motion for *Ex Parte* In Camera Review and Protective Order of Disclosure (Doc. #364) regarding two

investigations involving two potential trial witnesses.  The Court issued an *In Camera* Order (Doc. #368) granting the request to conduct the *in camera* review, but otherwise denied the request for a protective order upholding the government's determination not to disclose the existence of investigations of witnesses.

Prior to the motion being filed, the government filed its First Motion in Limine (Doc. #350) on the public docket to preclude testimony during cross-examination of two government witnesses, Lee County Sheriff's Office Detective Jennifer Torres and Lisa Barker.  "With respect to Detective Torres, the United States has provided text messages, DEA-6 analysis reports and an intercepted communication of Lewis Stouffer, Kevin Touhey and Craig Turturo. The relevant information provided to counsel was previously under seal and was unsealed by Court order on September 18, 2012."  (Doc. #350 at 2.)  "With respect to Lisa Barker, her purported sale of dilaudid, a prescription controlled substance, is unrelated to any knowledge she has of the defendants' drug distribution in the North Fort Myers area. Moreover, Ms. Barker's alleged criminal conduct took place well after she had provided information to law enforcement which was documented in source reports which have been previously provided to defense counsel. Ms. Barker will be subject to cross examination for her drug use during the investigation and her payment by law enforcement for her cooperation."  (Id. at 6.)

Detective Torres was questioned by the Court and the Court heard argument from counsel on the motion in limine on the record. Detective Torres testified on day four of the trial. (Doc. #353.) Lisa Barer testified on day seven of the trial. (Doc. #360.) Detective Torres was recalled on day eight of the trial. (Doc. #376.) After hearing from counsel on the motion in limine, the Court found as follows:

> With regard to Ms. Barker, the Court is going to allow cross-examination as to both whether she made inquiry as to whether she had sold to an undercover officer, and whether she had, in fact, done so. The Court finds that, under all the circumstances, particularly what seems to me to be a reasonable inference that she either knows or suspects that she did so, and implicitly is saying that, if not having sold something to an undercover officer, she's sold something to someone, I think the defense has a right to cross-examine as to that matter.
>
> As to Detective Torres, the Court's ruling is that the defense does not have the right to cross-examine.

(Doc. #492 at 29.) The Court find that public record contains the same information that is in the *ex parte* motion and the Order filed under seal. Since both documents are judicial records and there remains no reason for their sealing, both documents will be unsealed.

### (6) Documents 369, 370

The government filed an *Ex Parte* In Camera Motion to Delay Disclosure of Brady/Giglio Material (Doc. #369) as to Detective

- 9 -

Jennifer Torres. "In light of the government's First Motion in Limine (Doc. #350) disclosing information pertaining to Lee County Sheriff's Office Detective Jennifer Torres," the motion was denied as moot by an *In Camera* Order (Doc. #370). The Court finds that both documents are judicial records and there is nothing in these documents that is not otherwise available in the motion in limine and trial transcripts. The documents will be unsealed.

### (7) Documents 606-608

These are documents filed by United States Probation, including an initial presentence investigation report, the final presentence investigation report, and the sentencing statement as to Fritzco Desir, a co-defendant. According to the Bureau of Prisons inmate locator, Mr. Desir is no longer in its custody as of June 26, 2020. While these documents are judicial records, the Court finds that the balance of interests weigh overwhelming in favor of continued sealing. The documents contain numerous items of personal information, including sensitive and identifying information for which Sereme has no legitimate interest in obtaining. None of these documents will be unsealed.

### (8) Document 622

This is an Amendment 782 Memorandum (Doc. #622) filed as to co-defendant Wilmane Jean which includes the Statement of Reasons and Presentence Report from the original sentencing. This co-defendant was not found eligible for relief. (Doc. #662.) While

this is a judicial record, the Court finds that the document contains numerous items of personal information, including sensitive and identifying information for which Sereme has no legitimate interest in obtaining. The document, along with the attachments, will remain under seal.

**(9) Document 625**

This is an Amendment 782 Memorandum (Doc. #625) filed as to co-defendant Fritzco Desir, which includes the Statement of Reasons and Presentence Report from the original sentencing. This co-defendant was not found eligible for relief. (Doc. #703.) While this is a judicial record, the Court finds that the document contains numerous items of personal information, including sensitive and identifying information for which Sereme has no legitimate interest in obtaining. No part of this document will be unsealed.

**(10) Document 634**

This is an Amendment 782 Memorandum (Doc. #634) filed as to co-defendant Neheme Ductant which includes the Statement of Reasons and Presentence Report from the original sentencing. This co-defendant was eligible for retroactive application of Amendment 782, and he received a reduction in his sentence. (Doc. #693.) As with the similar documents for other co-defendants, this is a judicial record, but the balance of interests requires that it remain sealed.

**(11) Document 636**

This is the Statement of Reasons (Doc. #636) filed by United States Probation as to Eric Bonita, another co-defendant, to reflect that an Amended Judgment (Doc. #635) was entered on remand after an Order (Doc. #632) issued on July 21, 2015, directing the amendment. While this is a judicial record, the Court finds that the balance of interests favors keeping the document sealed.

**(12) Documents 639, 641**

These are the Initial Presentence Investigation Report (Doc. #639) and an Amendment 782 Memorandum (Doc. #641), which includes as attachments the Final Presentence Report and the Statement of Reasons, filed by United States Probation as to Jennifer Nicole Sander. This co-defendant was not found to be eligible for relief under Amendment 782. (Doc. #661.) While these are judicial records, the Court finds that the balance of interests favors keeping the documents sealed.

**(13) Documents 643, 644, 647, 649**

These are the Final Presentence Investigation Report (Doc. #643), Sentencing Recommendation and Statement (Doc. #644), Final Presentence Report (Doc. #647) with revisions, and the Statement of Reasons (Doc. #649) filed by United States Probation as to defendant Jude Sereme. These documents are judicial records, but the balance of interests require that the documents filed by United States Probation before sentencing remain sealed. The Final

Presentence Report was adopted by the Court and is available to defendant through his Bureau of Prisons case manager.

**(14) Document 651**

This is an Amendment 782 Memorandum (Doc. #651) filed as to co-defendant Rick Jean which includes the Statement of Reasons and Final Presentence Report as attachments. This co-defendant was not found eligible for relief. (Doc. #668.) While this is a judicial record, the Court finds, as it has with similar documents, that the balance of interest requires maintaining the document under seal.

**(15) Document 679**

This is an Amendment 782 Memorandum (Doc. #679) filed as to co-defendant Rashid Francois which includes the Statement of Reasons and Final Presentence Report. This co-defendant was eligible for retroactive application of Amendment 782, and he received a reduction in his sentence. (Doc. #714.) While this is a judicial record, the Court finds, as it has with similar documents, that the balance of interest requires maintaining the document under seal.

**(16) Documents 752, 757**

This is a First Step Act of 2018 Memorandum (Doc. #752) and Amended First Step Act Memorandum (Doc. #757) finding Rick Jean, another co-defendant, ineligible for a reduction in sentence, which includes the Statement of Reasons and Final Presentence

Report. Relief under the First Step Act was denied. (Doc. #783.) While these are judicial records, the Court finds, as it has with similar documents, that the balance of interest requires maintaining the documents under seal.

### (17) Document 777

This is a Response (Doc. #777) by the government to co-defendant Neheme Ductant's Emergency Motion and Special COVID-19 Memorandum (Doc. #776). The response is not under seal but the attached medical records for this defendant are filed under seal. The Court finds that the medical records filed by the government in response to a motion are judicial records, but that the balance of interests require that these otherwise private medical records remain under seal.

### (18) Document 790

This is a First Step Act of 2018 Memorandum (Doc. #790) filed as to co-defendant Eric Bonita which includes the Statement of Reasons and Final Presentence Report. This co-defendant was found not eligible for retroactive application of Section 401, and the motion was denied. (Doc. #809.) While this is a judicial record, the Court finds, as it has with similar documents, that the balance of interest requires maintaining the document under seal.

### (19) Document 883

This is an Amendment 821 Memorandum (Doc. #883) filed as to Jude Sereme indicating that defendant is ineligible for relief

which includes the Statement of Reasons and Final Presentence Report. Counsel was appointed and has appeared on defendant's behalf to review this issue. (Docs. #884, #893.) While this is a judicial record, the Memorandum has been provided to the Bureau of Prisons and is available through defendant's case manager. Therefore, the balancing on interests favor continued sealing of the document.

**(20) Documents 833, 886, 894, 897, 898**

These are internal documents scanned by the Clerk's Office when mail is returned as unable to forward and no change of address is provided. The entries are judicial records reflecting the address where mail was sent, the return to sender stamp, and to indicate that mail was not resent. The Court finds that the documents may be unsealed.

The Eleventh Circuit has held that an order unsealing a court document is subject to an immediate appeal. Callahan, 17 F.4th at 1360-61. The Court will stay its order for thirty (30) days to allow the government and defendant to exercise their respective right to appeal if either so chooses.

Accordingly, it is hereby

**ORDERED:**

Defendant's Request for Records – Video Footage and Sealed Docket Entries (Doc. #905) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Docket numbers 5-24, 168, 250, 283-289, 298, 340, 343, 345, 364, 368, 369, 370, 833, 886, 894, 897, and 898 shall be unsealed for the reasons set forth above. Docket numbers 606-608, 622, 625, 634, 636, 639, 641, 643, 644, 647, 649, 651, 679, 752, 757, 777, 790, and 883 shall remain sealed for the reasons set forth above.

2. The removal of restrictions on the documents is **stayed** for **THIRTY (30) DAYS** from the date of this Opinion and Order. The Clerk of the Court shall not remove the restrictions for any entries until on or after that date. If the United States or defendant files a Notice of Appeal by this date, the Clerk of the Court shall not remove the restrictions until further order of the Court.

3. If no appeal is filed and the restrictions are lifted, Jude Sereme may obtain copies through PACER or the Clerk's Office for a copying fee.

**DONE and ORDERED** at Fort Myers, Florida, this ___29th___ day of May 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record